**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
(State)

Case number (*If known*): _____  Chapter __7__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. **Debtor's name** | CaaStle Inc. | |
| 2. **All other names debtor used in the last 8 years**  Include any assumed names, trade names, and *doing business as* names | GWYNNIE BEE, INC. | |
| 3. **Debtor's federal Employer Identification Number (EIN)** | 45-3507457 | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 5  Penn Plaza  <br>Number  Street | 2514  Whitney Ave.  <br>Number  Street |
| 4th Floor | Unit 186919  <br>P.O. Box |
| New York   NY   10001  <br>City   State   ZIP Code | Hamden   CT   06518  <br>City   State   ZIP Code |
| New York  <br>County | **Location of principal assets, if different from principal place of business**  <br>5650  Green Pointe Dr. North  <br>Number  Street |
| | Groveport   OH   43125  <br>City   State   ZIP Code |

5. **Debtor's website (URL)**  www.caastle.com

Debtor   CaaStle, Inc.
         Name

Case number (*if known*)

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☒ None of the above |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes. |
| | | 4 5 8 1 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | | ☒ Chapter 7 |
| | | ☐ Chapter 9 |
| | | ☐ Chapter 11. *Check **all** that apply*: |
| | | ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that). |
| | | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11. |
| | | ☐ A plan is being filed with this petition. |
| | | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ☒ No |
| | | ☐ Yes.  District _____  When _____  Case number _____ |
| | | MM / DD / YYYY |
| | | District _____  When _____  Case number _____ |
| | | MM / DD / YYYY |

Debtor     CaaStle Inc.           Case number (if known) _____
        Name

| | | |
|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☒ No<br>☐ Yes. Debtor _____  Relationship _____<br>         District _____  When ___/___/_____<br>                                                  MM / DD / YYYY<br>         Case number, if known _____ |
| **11.** | **Why is the case filed in *this district*?** | *Check all that apply:*<br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>     What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>                              Number     Street<br>                              _____<br>                              City                               State ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>        Contact name _____<br>        Phone _____ |

### Statistical and administrative information

| | | |
|---|---|---|
| **13.** | **Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14.** | **Estimated number of creditors** | ☐ 1-49        ☐ 1,000-5,000        ☐ 25,001-50,000<br>☐ 50-99       ☐ 5,001-10,000      ☐ 50,001-100,000<br>☐ 100-199     ☐ 10,001-25,000    ☐ More than 100,000<br>☒ 200-999 |

Debtor  CaaStle Inc.
        Name

Case number (if known) _____

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/20/2025
              MM / DD / YYYY

✘ /s/ Georgiy Goldenberg                    Georgiy Goldenberg
Signature of authorized representative of debtor    Printed name

Title  Interim Chief Executive Officer

**18. Signature of attorney**

✘ /s/ Brendan J. Schlauch                   Date  06/20/2025
Signature of attorney for debtor                  MM / DD / YYYY

Brendan J. Schlauch
Printed name

Richards, Layton & Finger, P.A.
Firm name

One Rodney Square, 920 North King Street
Number    Street

Wilmington                                   DE       19801
City                                        State    ZIP Code

(302) 651-7700                              schlauch@rlf.com
Contact phone                               Email address

6115                                        DE
Bar number                                  State

Official Form 201  Voluntary Petition for Non-Individuals Filing for Bankruptcy  page 4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CAASTLE, INC.<br><br>Debtor.[1] | Chapter 7<br><br>Case No. __-_____ ( ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following is a list of any corporation, other than a governmental unit, that owns 10% or more of any class of equity interests in the above-captioned debtor (the "**Debtor**"):

I. Common Stock

   a. No corporation owns 10% or more of the Debtor's Common Stock.

II. Series A Preferred Stock

   a. Sherpalo Ventures owns 28.6% of the Debtor's Series A Preferred Stock.

   b. GB Members LLC owns 13.1% of the Debtor's Series A Preferred Stock.

III. Series A-1 Preferred Stock

   a. Jovial City Investments Limited owns 18.0% of the Debtor's Series A-1 Preferred Stock.

IV. Series A-2 Preferred Stock

   a. CLC GB Holdings, LLC owns 10.0% of the Debtor's Series A-2 Preferred Stock.

V. Series A-3 Preferred Stock

   a. SCP CaaStle I LLC owns 23.8% of the Debtor's Series A-3 Preferred Stock.

   b. Chloe GB Partners LLC owns 11.1% of the Debtor's Series A-3 Preferred Stock.

---

[1] The last four digits of the Debtor's federal tax identification number are 7457. The Debtor's mailing address is 2514 Whitney Avenue, Unit 186919, Hamden, CT 06518.

VI. Series A-4 Preferred Stock

    a. Ellazeeba Ltd. owns 20.2% of the Debtor's Series A-4 Preferred Stock.

VII. Series A-5 Preferred Stock

    a. SCP CaaStle I LLC owns 27.3% of the Debtor's Series A-5 Preferred Stock

    b. Chloe GB Partners LLC owns 14.8% of the Debtor's Series A-5 Preferred Stock

    c. Ellazeeba LTD owns 12.9% of the Debtor's Series A-5 Preferred Stock

VIII. Series A-6 Preferred Stock

    a. Grace GM Partners LLC owns 46.4% of the Debtor's Series A-6 Preferred Stock

IX. Series A-7 Preferred Stock

    a. Breyer Capital LLC owns 60.0% of the Debtor's Series A-7 Preferred Stock

X. Series A-8 Preferred Stock

    a. The Klarman Family Foundation[2] owns 10.9% of the Debtor's Series A-8 Preferred Stock

XI. Series A-9 Preferred Stock

    a. Great Circle GB, LLC owns 19.5% of the Debtor's Series A-9 Preferred Stock

    b. Swan & Legend Fund 3 LP owns 19.5% of the Debtor's Series A-9 Preferred Stock

XII. Series A-10 Preferred Stock

    a. Great Circle GB, LLC owns 12.4% of the Debtor's Series A-10 Preferred Stock

XIII. Series A-11 Preferred Stock

    a. Great Circle GB, LLC owns 32.0% of the Debtor's Series A-11 Preferred Stock

XIV. Series A-12 Preferred Stock

    a. KSV CaaStle Holdings II LP owns 12.3% of the Debtor's Series A-12 Preferred Stock.

XV. Series EB-5 Preferred Stock

---

[2] The Debtor does not believe the Klarman Family Foundation is a corporation as that term is used in Bankruptcy Rule 7007.1, but has listed the foundation here out of an abundance of caution.

a. No corporation owns 10% or more of the Debtor's Series EB-5 Preferred Stock.

**CAASTLE INC.**

Unanimous Written Consent of the Board of Directors
Pursuant to Section 141(f) of the General Corporation Law

June 20, 2025

The undersigned, constituting all members of the Board of Directors (the "**Board**") of CaaStle Inc., a Delaware corporation (the "**Company**"), acting by unanimous written consent pursuant to Section 141(f) of the Delaware General Corporation Law and in accordance with the requirements of the Company's governing documents, DO HEREBY CONSENT to the adoption of, and DO HEREBY ADOPT, the following resolutions:

WHEREAS, after careful consideration of all facts and circumstances regarding the Company's operational and financial affairs, and after consultation with management and the Company's financial, legal, and other advisors, including numerous discussions regarding the liabilities and liquidity situation of the Company, the short-term and long-term prospects of the Company, the restructuring and strategic options available to the Company, and the effect of the foregoing on the Company's business and operations, in the judgment of the Board, it is desirable and in the best interests of the Company, its stockholders, its subsidiaries, its creditors, and other interested parties that a voluntary petition commencing a chapter 7 case (the "**Chapter 7 Case**") be filed by the Company to seek relief under the provisions of chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

NOW, THEREFORE, BE IT RESOLVED, that the Company shall be, and hereby is, authorized and directed to: (a) file a voluntary petition (the "**Petition**") for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing;

RESOLVED, FURTHER, that Georgiy Goldenberg and Dayna Corlito (each individually, an "**Authorized Person**" and collectively, the "**Authorized Persons**") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of and in the name of the Company, on its own behalf, to:  (a) verify and execute the Petition, as well as all other ancillary documents, and file, or cause to be filed with the Bankruptcy Court, the Petition and make or cause to be made, prior to execution thereof, any modifications to the Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (the approval of which to be conclusively established by the execution thereof by such Authorized Person); (b) verify, execute and file or cause to be filed all petitions, schedules, statements, lists, and other papers or documents necessary or desirable in connection with the foregoing; (c) serve as the Company's representative at any meeting of creditors pursuant to section 341 of the Bankruptcy Code; and (d) take or cause to be taken any and all such further actions on behalf of the Company as may be related or incidental to the Petition, including, without limitation, executing and delivering any and all agreements, certificates, instruments and other documents and paying all expenses and fees, including filing fees, in each case as in such Authorized Person's judgment shall be necessary or desirable to fully

2

carry out the intent and accomplish the foregoing resolutions, such necessity or desirability to be evidenced conclusively by such actions;

RESOLVED, FURTHER, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed for or on behalf of the Company by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed, adopted and approved.

\*\*\*

An executed copy of this Unanimous Written Consent may be executed in one or more counterparts and shall be filed with the minutes of the proceedings of the Board.

IN WITNESS WHEREOF, the undersigned, constituting all members of the Board in office, have executed this Unanimous Written Consent as of the date set forth above.

*Jaswinder Pal Singh*

Name: Jaswinder Pal Singh
Title:  Chairman


Name: Monica Blacker, Esq.
Title:  Board Member (Independent)


Name: Georgiy Goldenberg
Title:  Board Member

IN WITNESS WHEREOF, the undersigned, constituting all members of the Board in office, have executed this Unanimous Written Consent as of the date set forth above.

_____
Name: Jaswinder Pal Singh
Title: Chairman

*Monica Blacker, Esq.*
_____
Name: Monica Blacker, Esq.
Title: Board Member (Independent)

_____
Name: Georgiy Goldenberg
Title: Board Member

IN WITNESS WHEREOF, the undersigned, constituting all members of the Board in office, have executed this Unanimous Written Consent as of the date set forth above.

_____
Name: Jaswinder Pal Singh
Title: Chairman

_____
Name: Monica Blacker, Esq.
Title: Board Member (Independent)

*Georgiy Goldenberg*
_____
Name: Georgiy Goldenberg
Title: Board Member

**Fill in this information to identify the case and this filing:**

Debtor Name __CaaStle Inc._____

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/20/2025__
MM / DD / YYYY

✗ __/s/ Georgiy Goldenberg_____
Signature of individual signing on behalf of debtor

__Georgiy Goldenberg_____
Printed name

__Interim Chief Executive Officer_____
Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CAASTLE, INC.<br><br>Debtor.[1] | Chapter 7<br><br>Case No. __-____ ( ) |

## **DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR**

- Pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b), I certify that I am the attorney for CaaStle, Inc. (the "**Debtor**") and that compensation paid to me within one year before the filing of the petition in bankruptcy court, or agreed to be paid to me, for services rendered or to be rendered on behalf of the Debtor in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ............................................................................$117,884.15[2]

    Prior to the filing of this statement I have received................................................................$117,884.15[3]

    Balance Due..........................................................................................................................$ 0.00

- The source of the compensation paid to me was:

    ☒ Debtor          ☐ Other

- Richards, Layton & Finger, P.A. ("**RL&F**") has not agreed to share the above-disclosed compensation with any other person unless they are members and associates of RL&F.

- In return for the above-disclosed fees, RL&F has agreed to render legal service for only the following aspects of this chapter 7 case:

---

[1] The last four digits of the Debtor's federal tax identification number are 7457. The Debtor's mailing address is 2514 Whitney Avenue, Unit 186919, Hamden, CT 06518.

[2] Richards, Layton & Finger, P.A. ("RLF") was retained to serve as counsel to the Debtor in connection with the Debtor's restructuring alternatives, including the commencement of the Chapter 7 Case, and certain corporate litigation and advisory matters. RLF has been compensated on an hourly basis with all payments being made pursuant to advance retainers and replenishments thereof. On June 18, 2025, the Debtor and RLF entered into an amended engagement letter to confirm RLF and the Debtor's agreement with respect to the preparation for and commencement of the Chapter 7 Case. The amended engagement letter provided that upon the filing of the Debtor's chapter 7 petition, the $117,884.15 retainer held by RLF as of June 18, 2025 (and any unused portion thereof) shall be deemed earned without further action and the Debtor (or any affiliate thereof) shall have no remaining rights or other interests with respect to such retainer.

[3] *Supra* note 2.

- a. Analysis of the Debtor's financial situation and rendering related advice to the Debtor, including, among other things, determining whether to file for relief under the Bankruptcy Code;

- b. Preparation and filing of the chapter 7 petition, schedules of assets and liabilities, statements of financial affairs and related documents for the Debtor;

- c. Communications with the chapter 7 trustee appointed in the Debtor's chapter 7 case; and

- d. Representation of the Debtor at the section 341 meeting of creditors and any adjourned meetings thereof.

- By agreement with the Debtor, the above-disclosed fee does not include the following services:

  As of the date hereof, RLF has agreed to represent the Debtor only in connection with the matters referenced above.

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to RL&F for representation of the Debtor in this chapter 7 case.

<u>June 20, 2025</u>
*Date*

By: <u>*/s/ Brendan J. Schlauch*</u>
Brendan J. Schlauch (No. 6115)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

---

RLF1 32960296v.1