# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CAASTLE, INC.,<br><br>　　　　　Debtor. | Chapter 7<br><br>Case No. 25-11187 (BLS) |
| ELIZABETH BENNETT, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>CAASTLE, INC.,<br><br>　　　　　Defendant. | Adv. Case No. _____ |

## CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL AND NEW YORK WARN ACTS

Plaintiff Elizabeth Bennett ("Plaintiff"), by and through undersigned counsel, alleges on behalf of herself and a class of similarly situated former employees of Caastle, Inc. ("Caastle," "Debtor," or "Defendant") by way of her Class Action Complaint, as follows:

## NATURE OF THE ACTION AND FACTS

1.　Plaintiff brings this action on behalf of herself, and the other similarly situated former employees who worked for Caastle and who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by Defendant on or about April 25, 2025 and within thirty (30) days of that date, who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and 90 days advance written notice of their terminations by Defendant, as required by the New York Worker Adjustment and Retraining

1

Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 *et seq*. (collectively, the "WARN Acts").

2.  Plaintiff and all similarly situated employees seek to recover up to 60 days wages and benefits, pursuant to 29 U.S.C. § 2104 and NYLL § 860-(G)(2), from Caastle.

3.  Plaintiff's claims, as well as the claims of all similarly situated employees, are entitled to administrative priority status pursuant to the United States Bankruptcy Code § 503(b)(1)(A) or, alternatively, for priority as wage payments under 11 U.S.C. § 507(a)(4) and (5).

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334, and 1367 and 29 U.S.C. § 2104(a)(5).

5.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

6.  Venue in this Court is proper pursuant to 28 U.S.C. § 1409, 29 U.S.C. § 2104(a)(5), and NYLL § 860-G(7).

## THE PARTIES

7.  Plaintiff is an individual residing in the State of New York. At all times relevant to this action, Plaintiff was employed by Caastle as a Senior Manager, Graphic Design and worked at or reported to Defendant's headquarters located at 5 Penn Plaza, New York, NY 10001 (the "New York Facility") until her termination as part of the mass layoffs and/or plant closings that took place on April 25, 2025.

8.  At all relevant times, Caastle was a Delaware corporation, with its principal place of business in New York, New York.

9.  Caastle described itself as a "Leading B2B technology company propelling digital growth and profitability for apparel brands and retailers."

10. Caastle employed employees similarly situated to Plaintiff in New York City, Groveport, Ohio, Phoenix, Arizona, and Mountain View, California (together, the "Facilities").

11. On information and belief, Caastle terminated over 200 similarly situated employees, including Plaintiff as part of the March 28, 2025 "furlough" that was confirmed as a mass layoff/plant closing on or about April 25, 2025.

12. The New York City facility employed over 50 employees, all of whom were terminated without cause and without notice in violation of the federal and New York WARN Acts.

13. The Mountain View facility employed over 50 employees, all of whom were terminated without cause and without notice in violation of the federal WARN Act.

14. The Ohio facility employed as many as 50 employees, all of whom were terminated without cause and without notice in violation of the federal WARN Act.

15. The Arizona facility employed as many as 39 employees, all of whom were terminated without cause and without notice in violation of the federal WARN Act.

16. On June 20, 2025 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 7 of title 11 of the Bankruptcy Code in this Court. George L. Miller (the "Trustee") was subsequently appointed as the chapter 7 trustee in this case.

**FEDERAL WARN CLASS ALLEGATIONS**

17. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on her own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Caastle's Facilities and were terminated without cause on or about April 25, 2025 and within 30 days of that date (including employees who were "furloughed" on or about

3

March 28, 2025), or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Caastle on or about April 25, 2025, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

18. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated to exceed 200.

19. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Caastle.

20. On information and belief, the rate of pay and benefits that were being paid by Caastle to each WARN Class Member at the time of his/her termination are contained in the books and records of Defendant.

21. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

   (a) whether the members of the WARN Class were employees of Caastle who worked at or reported to Caastle's Facilities;

   (b) whether Caastle unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

   (c) whether Caastle unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

22. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at or reported to one of Caastle's Facilities and was terminated without cause, due to the mass layoff and/or plant closings ordered by Caastle.

23. At all relevant times, Caastle was an "employer," as that term is defined in 29

4

U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order a mass layoff or plant closings at the Facilities.

24.     Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Acts and employment litigation.

25.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

26.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

27.     Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure as incorporated by Federal Rule of Bankruptcy Procedure 7023.

**NEW YORK WARN ACT CLASS ALLEGATIONS**

28. Plaintiff brings the Second Claim for Relief for violation of NYLL § 860 *et seq.*, on behalf of herself and a class of similarly situated persons pursuant to NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about April 25, 2025 and within 30 days of that date (including employees who were "furloughed" on or about March 28, 2025), or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about April 25, 2025, and who are affected employees, within the meaning of NYLL § 860-A(1),(4) and(6) (the "NY WARN Class").

29. The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant or the Trustee.

30. On information and belief, Defendant employed more than 50 employees within New York State as of the time notice was first required to be given. On information and belief, Defendant terminated at least 25 full-time employees, within 30 or 90 days of April 25, 2025, from Facilities in New York State.

31. On information and belief, the identity of the members of the class and the recent residence address of each of the NY WARN Class Members is contained in the books and records of Defendant.

32. On information and belief, the rate of pay and benefits that were being paid by Defendant to each NY WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

33. Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

      (a) whether the members of the NY WARN Class were employees of Defendant who worked in a covered site of employment of Defendant;

      (b) whether Defendant unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the NY WARN Act; and

      (c) whether Defendant unlawfully failed to pay the NY WARN Class members 60 days wages and benefits as required by the WARN Acts.

      (d) whether Defendant violated the WARN Act.

34. Plaintiff's claims are typical of those of the NY WARN Class. Plaintiff, like other NY WARN Class members, worked at or reported to Defendant's New York Facility and was terminated on or about April 25, 2025.

35. Plaintiff will fairly and adequately protect the interests of the NY WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

36. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

37. Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the NY WARN Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the NY WARN Class.

38. Plaintiff intends to send notice to all members of the NY WARN Class to the extent required by Rule 23.

**First Cause of Action: Federal WARN Act**

33. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

34. At all relevant times, Defendant employed over 200 employees who, in the aggregate, worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

35. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

36. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

37. On or about March 28 and/or April 25, 2025, Defendant ordered a mass layoff or plant closing at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

38. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as 100% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term

is defined by 29 U.S.C. § 2l01(a)(8).

39. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

40. Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

41. Defendant was required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

42. Defendant failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

43. Plaintiff and each of the Class Members are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

44. Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

45. Inasmuch as Plaintiff and each of the Class Members seek back-pay attributable to a period of time after the filing of Defendant's bankruptcy petition and which arose as the result of Defendant's violation of federal law, Plaintiff's and the Class Members'claims against Defendant are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A), or alternatively, priority treatment pursuant to 11 U.S.C. § 507(a)(4) or (5), and the remainder as a general unsecured claim.

46. The relief sought in this proceeding is predominantly equitable in nature.

## Second Cause of Action: New York WARN Act

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. At all relevant times, Defendant was an individual or private business entity defined as "employer" under the NY WARN Act and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facilities as defined by § 860-A(3), (4).

49. On or about March 28 and/or April 25, 2025, Defendant ordered a mass layoff and/or plant closing at its Facilities as defined by § 860-A(3), (4).

50. Plaintiff and the NY WARN Class Members suffered a termination of employment as defined by § 860-A(2)(C) having been terminated by Defendant without cause on their part.

51. Defendant was required by the NY WARN Act to give the Plaintiff and NY WARN Class Members at least 90 days advance written notice of their terminations pursuant to § 860-B.

52. Defendant failed to give Plaintiff and NY WARN Class Members written notice that complied with the requirements of the NY WARN Act.

53. Defendant failed to pay Plaintiff and each of the NY WARN Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and benefits including health and life insurance coverage, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period.

54. Inasmuch as Plaintiff and each of the NY WARN Class Members seek back-pay attributable to a period of time after the filing of Defendant's bankruptcy petition and which arose as the result of Defendant's violation of state law, Plaintiff's and the Class Members' claims

against Defendant are entitled to first priority administrative expense status pursuant to 11 U.S.C. § 503(b)(l)(A), or alternatively priority treatment pursuant to 11 U.S.C. § 507(a)(4) or (5), and the remainder as a general unsecured claim.

55. The relief sought in this proceeding is predominantly equitable in nature.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant, jointly and severally:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the other similarly situated former employees constitute a single class;

B. Designation of Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, health and life insurance, and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Acts, 29 U.S.C. § 2104(a)(1)(4) and NYLL § 860-G(7);

E. Interest as allowed by law on the amounts owed under the preceding paragraphs;

F. Treatment of all damage claims as first priority administrative expense pursuant to 11 U.S.C. § 503(b)(l)(A), or alternatively priority status pursuant to 11 U.S.C. § 507(a)(4) or (5) and the remainder as a general unsecured claim.

G. Plaintiff's reasonable attorneys' fees and the costs and disbursements that Plaintiff incurred in prosecuting this action, as authorized by the WARN Acts, 29 U.S.C. § 2104(a)(6) and

NYLL § 860-G(7);

H. An allowed administrative-expense priority claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

I. Such other and further relief as this Court may deem just and proper.


Dated: July 29, 2025
Wilmington, Delaware

CROSS & SIMON, LLC

By: /s/ Kevin S. Mann
Kevin S. Mann (No. 4576)
1105 N. Market Street, Suite 901
Wilmington, DE 19801
(302) 777-4200
kmann@crosslaw.com

-and-

Chris Marlborough, Esq.
The Marlborough Law Firm, P.C.
375 Sunrise Highway, Suite 3
Lynbrook, NY  11563
(212) 991-8960
chris@marlboroughlawfirm.com

-and-

Orin Kurtz, Esq.
228 Park Avenue South
PMB 890022
New York, NY 10003-1502
(917) 627-2840
orin@orinkurtz.com

*Counsel to Plaintiff and the Putative Class*