UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                                          Chapter 7

CaaStle, Inc.                                                   Case No. 25-11187 (BLS)

                    Debtor.

**MOTION OF CHRISTINE HUNSICKER FOR ENTRY OF AN ORDER GRANTING MOTION FOR RELIEF FROM STAY TO ALLOW CONTINENTAL CASUALTY COMPANY TO (I) PAY PRE-PETITION AND POST-PETITION DEFENSE COSTS AND FEES OF CHRISTINE HUNSICKER AS SHE WAS A DIRECTOR AND OFFICER OF THE DEBTOR AND (II) TAKE ACTIONS RELATED THERETO IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF A CERTAIN INSURANCE POLICY, CONTINENTAL CASUALTY COMPANY'S RESERVATION OF RIGHTS AND APPLICABLE LAW**

COMES NOW, Christine Hunsicker, by and through her attorney, and hereby files a *Motion for Relief from Stay to allow Continental Casualty Company to (i) pay pre-petition and post-petition defense costs and fees of Christine Hunsicker as she was a director and officer of the debtor and (ii) take actions related thereto in accordance with the terms and conditions of a certain insurance policy, Continental Casualty Company's reservation of rights and applicable law* (this "Motion"), and respectfully states as follows:

**I.  JURISDICTION**

1.      This Court has jurisdiction over the subject matter of this Motion pursuant to 28 *U.S.C.* § 1334 and this is a core proceeding within the meaning of 28 *U.S.C.* § 157(b)(2)(A) and (G).

1

## II. BACKGROUND

2.    On June 20, 2025 ("Petition Date"), CaaStle, Inc. filed a voluntary petition for relief under Chapter 7 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned administered bankruptcy case.

3.    On April 8, 2025, Plaintiff EXP Topco, LLC commenced a civil action in the Supreme Court for the State of New York by filing a Complaint captioned *EXP Topco, LLC v. CaaStle, Inc. and Christine Hunsicker*, under Index Number 652221/2021 (hereinafter, the "NY State Action").

4.    On April 18, 2025, Plaintiffs KSV CaaStle Holdings L.P. and KSV CaaStle II Holdings L.P. commenced a civil action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida by filing a Complaint captioned *KSV CaaStle Holdings L.P. and KSV CaaStle II Holdings L.P. v. Christine Hunsicker*, under Civil Case Number 502025CA003703 (hereinafter, the "FL Federal Action").

5.    On May 27, 2025, Plaintiff P180, Inc. commenced a civil action in the United States District Court for the Southern District of New York by filing a Complaint captioned *P180, Inc. v. Jaswinder Pal Singh, Christine Hunsicker, George Goldenberg, Scott Callon, Chirag Jain and Does 1-50*, under Civil Case Number 25-cv-4432 (hereinafter, the "NY Federal Action").

6.    Christine Hunsicker is the former Chief Executive Officer of the Debtor, CaaStle, Inc.

7.    Christine Hunsicker has submitted claims arising from the NY State Action, NY Federal Action, and FL Federal Action (collectively, hereinafter the "Actions") to Continental Casualty Company ("CNA") and requested that CNA advance and/or reimburse their defense costs and fees, arising in connection with the Actions, pursuant to and in accordance with the terms and

2

conditions of the D&O Policy (as defined herein), CNA's reservation of rights under the D&O Policy (the "Reservation of Rights") and applicable law. As such, CNA has advised that it requires an order from this Court (in substantially the form filed simultaneously herewith (the "Proposed Order")) granting relief from any stay to allow CNA to, subject to its Reservation of Rights, use the proceeds of the D&O Policy (as defined below) to pay for such defense.

### III. THE D&O POLICY

8.      Prior to the Petition Date, CNA issued a certain insurance policy for the period of December 18, 2024 through December 18, 2025, bearing policy number 6052060736 (as renewed, amended, modified, endorsed, or supplemented from time to time, and together with any agreements, exhibits, or addenda thereto, the "D&O Policy"), to the Debtor. Debtor and certain of their directors, trustees, governors, managers, officers, advisory directors, subject to certain limits, deductibles, exclusions, terms, and conditions, as more particularly described therein, are insureds under the D&O Policy. A true and correct copy of the D&O Policy is attached and incorporated herein as Exhibit "1."

9.      In her capacity as the Chief Executive Officer of the Debtor, Christine Hunsicker is an "Insured Person" under the D&O Policy. *See* D&O Policy, pp. 8, 17, and 18. An executive is defined as "any past, present, or future duly elected or appointed director . . .officer, governor, or managing member of a management committee of an insured entity." *See* D&O Policy, p. 17.

10.      Pursuant to the terms of the D&O Policy, CNA "will pay defense costs on a current basis, but no later than ninety (90) days after we have received any invoice or bill" and CNA "will have the right and duty to defend any claim even if the allegations in the claim are groundless, false, or fraudulent." *See*, D&O Policy, p. 22, Sections VII and IX.

11. The D&O Policy further states that "Defense costs" mean "the reasonable and necessary fees, cost, and expenses, incurred by an insured in the investigation, defense, or appeal of any covered claim, including the premium for appeal, attachment, or similar bonds arising out of a covered judgment." *See*, D&O Policy, p. 17.

12. As the Debtor's bankruptcy filing is deemed a "Crisis event" under the D&O Policy as the Debtor filed for "financial insolvency", Side A coverage was triggered on behalf of the directors and officers, including but not limited to Christine Hunsicker. *See*, D&O Policy, p. 8, 15-16, and 18.

13. The D&O Policy also provides a priority of payments in the event that loss occurs under the Side A Insuring Agreement. *See*, D&O Policy, p. 23, Section XIII. CNA is to first pay non-indemnifiable loss on behalf of the insured person. *Id*.

14. In response to the claims filed in the Actions against Christine Hunsicker, and submitted by Ms. Hunsicker to CNA, Kaufman Dolowich LLP was assigned as defense counsel in the Actions.

## IV. RELIEF REQUESTED

15. CNA requires, and Christine Huniscker respectfully requests, an order from this Court permitting it to advance and/or reimburse the reasonable covered defense costs and fees incurred pre- and post-petition by Christine Hunsicker in defending against the Actions, and to take actions related thereto, such as paying a covered settlement amount, if any, in accordance with and subject to all terms and conditions of the D&O Policy, the Reservation of Rights and applicable law, on the basis that the proceeds of the D&O Policy do not constitute property of the Debtor's estate, and Christine Hunsicker has a contractual right to coverage and priority of payment under the D&O Policy.

### V.    BASIS FOR RELIEF REQUESTED

**A.    The D&O Policy's Proceeds Are Not Property of the Estate**

14.    While a debtor's insurance policy is generally property of the debtor's bankruptcy estate, *See* 11 U.S.C. § 541(a), when a policy provides direct coverage to directors and officers, the proceeds are not property of the estate. *See In re Downey Fin. Corp.*, 428 B.R. 595, 603 (Bankr. D. Del. 2010); *In re Allied Digital Techs., Corp.,* 306 B.R. 505, 510 (Bankr. D. Del. 2004); *In re World Health Alternatives, Inc.*, 369 B.R. 805, 810 (Bankr. D. Del. 2007).

15.    Notwithstanding Congress's intention, in its definition of "property of the estate," to bring anything of value that debtors have into estate, the definition is not intended to expand debtor's rights against others more than they exist as of commencement of bankruptcy case. *In re Majestic Star Casino, LLC*, 716 F.3d 736, 759 (3d Cir. 2013). In other words, "[t]he estate in bankruptcy only includes property to which the debtor would have had a right if the debtor were solvent." *First Fid. Bank v. McAteer*, 985 F.2d 114, 117 (3d Cir. 1993) (internal citations omitted).

16.    Pursuant to the D&O Policy, the coverage provided to Christine Hunsicker has priority over any coverage provided to the Debtor. *See* D&O Policy, §§ XIII. Moreover, in accordance with and subject to all terms and conditions of the D&O Policy, CNA must pay on behalf of Christine Hunsicker all covered defense costs incurred on account of a claim made against her. *See* D&O Policy, pp. 8, 17, 18, and 22. Accordingly, the Side A policy proceeds are to be released directly to third parties, not the Debtor.

17.    To disregard the D&O Policy and hold that the proceeds of said D&O Policy are property of the Debtor's estate would improperly expand the Debtor's rights under the D&O Policy. *See Downey Fin. Corp.*, 428 B.R. at 607-08 (holding that proceeds are not property of the estate where the D&O coverage had priority over the entity coverage); *see also In re SVB Fin. Grp.*, 650 B.R. 790, 800 (Bankr. S.D.N.Y. 2023) ("The Directors' and Officers' use of the funds will not

interfere with the bankruptcy estate, as even if the Debtor eventually seeks coverage under the ABC Policies, the Debtor is last in line for the insurance proceeds"); *see In re MF Glob. Holdings Ltd.*, 515 B.R. 193, 203-04 (Bankr. S.D.N.Y. 2014) ("Even if [debtors] had a contractual claim to the D&O Proceeds, that claim would be subject to the D&O Policies' priority of payment provision."); *In re TierOne Corp.*, 2012 WL 4513554, at *3 (Bankr. D. Neb. Oct. 2, 2013) ("The directors and officers have a right to make claims under the policies and to receive payment of the policy proceeds to the exclusion of the bankruptcy estate since they are the insureds that are first in line," and, therefore, proceeds of the policy were not property of the estate).

18.    Accordingly, for the reasons set forth above, the D&O Policy's proceeds are not property of the Debtors' bankruptcy estate.

**B.    Christine Hunsicker Has a Contractual Right to Coverage and Payment of Reasonable, Necessary Defense Costs Under the D&O Policy**

19.    As named insureds, Christine Hunsicker asserts that she is entitled, pursuant to the terms of the D&O Policy, to insurance coverage, including, but not limited to, coverage for reasonable, necessary legal costs, charges, fees, and expenses incurred in defending the Actions, subject to all of the terms and conditions of the D&O Policy and applicable law.

20.    Accordingly, to the extent that Christine Hunsicker is entitled to coverage (as already provided by CNA to date) under the D&O Policy, Christine Hunsicker has a contractual right to payment of her reasonable defense costs and fees in connection with the Actions, subject to all of the terms and conditions of the D&O Policy and applicable law. *See, e.g. Allied Digital Techs. Corp.,* 306 B.R. at 512-513; *In re Louisiana World Exposition, Inc.,* 832 F.2d 1391, 1401 (5th Cir. 1987).

21.    Further, it is well-established that courts cannot alter terms of contracts, and must enforce them as written. *See, e.g., In re Morristown & Erie R.R. Co.*, 885 F.2d 98, 100 (3d Cir.

1989) (holding that district court's belief "that section 105(a) empowered it to expand contractual obligations of the parties . . . runs afoul of the principal that section 105(a) is not a substantive source of rights"); *see generally Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 839 (3d Cir. 1995) ("'it is not the function of the court to redraft a contract to be more favorable to a given party than the agreement he chose to enter'") (quoting *Brokers Title Co. v. St. Paul Fire & Marine Ins. Co.*, 610 F.2d 1174, 1181 (3d Cir. 1979)).

22.    Additionally, the crisis event and financial insolvency provisions clearly provides that the bankruptcy of Debtor does not relieve CNA of its obligations under the D&O Policy or deprive Christine Hunsicker of her rights under the D&O Policy, in particular Side A coverage.

WHEREFORE, Christine Hunsicker respectfully requests that this Court enter the Proposed Order (a) granting this Motion, (b) authorizing Continental Casualty Company to pay pre-petition and post-petition covered, reasonable defense costs and fees of Christine Hunsicker (with reasonableness to be determined by CNA) and take actions related thereto in accordance with the terms and conditions of the D&O Policy and applicable law, and (c) granting such other and further relief as is appropriate.

August 12, 2025

KAUFMAN DOLOWICH LLP
*/s/ Loren R. Barron*
Loren R. Barron, Esq. (Del. Bar No. 5590)
222 Delaware Avenue, Suite 720
Wilmington, De 19801
(302)521-8932
Loren.Barron@Kaufmandolowich.com
*Attorney for Christine Hunsicker*

7

**CERTIFICATE OF SERVICE**

I, Loren R. Barron, hereby certify that on August 12, 2025, I caused the foregoing Motion to be electronically filed with the Clerk of the Court using CM/ECF system, which will automatically send e-mail notifications to all parties and counsel of record.

*/s/ Loren R. Barron*
Loren R. Barron, Esquire