**EXHIBIT B**

[Affidavit of George L. Miller]

#125192239v4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CaaStle, Inc.<br><br>     Debtor.<br><br>GEORGE L. MILLER, solely in his capacity as chapter 7 trustee for the bankruptcy estate of CaaStle, Inc.,<br><br>     Plaintiff,<br>  v.<br><br>KSV CAASTLE HOLDINGS L.P., KSV CAASTLE HOLDINGS II L.P, and P180, Inc., | Chapter 7<br>Case No. 25-11187-BLS<br><br><br><br><br><br><br><br><br><br><br>Adv, Pro. No.: |

**AFFIDAVIT OF GEORGE L. MILLER, SOLELY IN HIS CAPACITY AS CHAPTER 7 TRUSTEE, IN SUPPORT OF THE CHAPTER 7 TRUSTEE'S MOTION FOR INJUNCTIVE RELIEF UNDER SECTIONS 105(A) AND 362(A) OF THE BANKRUPTCY CODE AND A PRELIMINARY INJUNCTION UNDER RULE 7065 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

George L. Miller, being first duly sworn on oath, deposes and states as follows:

1. I am the duly appointed chapter 7 trustee of the estate of CaaStle, Inc. (the "Debtor') and the plaintiff in the above-captioned action.

2. I submit this affidavit in support of the *Chapter 7 Trustee's Motion for Injunctive Relief under Sections 105(a) and 362(a) of the Bankruptcy Code and a Preliminary Injunction under Rule 7065 of the Federal Rule of Bankruptcy Procedure* (the "Motion").[1]

3. Based upon my investigation of the Debtor's estate (the "Estate") to date and upon my review of public records and filings, I have personal knowledge of the facts set forth herein.

4. On June 20, 2025 (the "Petition Date"), the Debtor filed for voluntary relief under

---

[1] Capitalized terms not defined herein shall have the meanings provided in the Motion.

#125205570v2

1

Chapter 7 of the Bankruptcy Code.

5.      The Debtor is a Delaware corporation.  Prior to the Petition Date, the Debtor operated a full-service platform to enable rental subscription and e-commerce services for women's apparel brands.

6.      Christine Hunsicker ("Hunsicker") founded the Debtor in December 2018. Hunsicker served as the Debtor's CEO from the Debtor's inception until her resignation on or around March 23, 2025.  Hunsicker also served on the Debtor's Board of Directors from the Debtor's inception until her resignation on or around December 15, 2024.

7.      On July 17, 2025, the United States Attorney for the Southern District of New York filed an indictment (the "Indictment") charging Hunsicker with one count of wire fraud, two counts of securities fraud, and one count of money laundering.

8.      The Indictment alleges that Hunsicker engaged in soliciting investments in the Debtor using false statements, misleading claims, and fabricated documents.  In total, the Indictment paints the picture of a years-long scheme through which Hunsicker defrauded investors of hundreds and millions of dollars.

9.      As the Trustee, I have begun an investigation into potential causes of action of the Debtor, including those against the Debtor's fiduciaries such as Hunsicker.

10.     While my investigation is not finished, it appears from the Indictment that Hunsicker knowingly, deliberately, and repeatedly falsified financial statements and audit documents over a multi-year period; siloed the organization of the Debtor in such a way as to minimize cross-functional visibility and accountability; ensured the Debtor suffered from a profound and persistent breakdown of corporate governance at the Board level such that the Board failed in nearly every respect to discharge its fiduciary duties; and siphoned corporate funds directly to companies owned by Hunsicker and to satisfy her personal obligations.  Further, it

#125205570v2

2

appears that other officers and directors of the Debtor as well as other fiduciaries employed by the Debtor may be liable for breach of fiduciary duty and other causes of action.

11.     I am aware of the following insurance policies which may provide coverage with respect to claims against officers and directors of the Debtor:

a.     Policy issued by Continental Casualty Company/CNA in the amount of $2 million (the "CNA Policy");

b.     Excess policy issued by Zurich American Insurance Company in the amount of $3 million (the "Zurich Policy," and, together with the CNA Policy, the "D & O Policies").  On information and belief, the policy limits for the D & O Policies are inclusive of defense costs.

12.     The D & O Policies are a valuable asset of the Estate.

13.     KSV CaaStle Holdings L.P. and KSV CaaStle II Holdings L.P. (collectively, the "KSV Defendants") were investors of the Debtor prior to the commencement of this bankruptcy proceeding.

14.     The KSV Defendants have alleged that they are Delaware limited partnerships with their principal place of business in Palm Beach County, Florida.

15.     On or around April 18, 2025, KSV Defendants filed a complaint (the "KSV Complaint") against Hunsicker in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Florida Litigation") asserting claims of fraudulent inducement, negligent misrepresentation, and breaches of fiduciary duty.

16.     Upon a review of the KSV Complaint, I have determined that the fiduciary duty claims brought by the KSV Defendants are claims are general to all Chapter 7 Creditors, not particularized to the KSV Defendants, and are therefore property of the Estate.

17.     The other claims brought by the KSV Defendants threaten the limited resources

belonging to Hunsicker and the D & O Policies, which I intend to pursue for the benefit of all Chapter 7 Creditors.

18.    P180, Inc. ("P180") asserts that it is a Delaware corporation with its principal place of business in New York, New York.

19.    P180 is mentioned extensively in the Indictment.  According to the Indictment, Hunsicker was a co-founder of P180 and used P180 to commit fraud and funnel assets from the Debtor to herself personally.

20.    On or around May 27, 2025, P180 filed a complaint (the "P180 Complaint") in the United States District Court for the Southern District of New York for against Hunsicker, Jaswinder Pal Singh, George Goldenberg, Scott Callon, Chirag Jain, and Does 1-50 alleging claims of RICO, conversion, unjust enrichment, breach of fiduciary duty, civil conspiracy, and negligent misrepresentation (the "New York Litigation").

21.    The claims brought by P180 threaten the limited resources belonging to Hunsicker and the D & O Policies, which I intend to pursue for the benefit of all creditors.

22.    Continued prosecution of the Florida Litigation and the New York Litigation directly and imminently threaten the Estate's ability to recover on the D & O Policies, because any spend down of the D & O Policies' proceeds in defense of litigation or in funding a judgment against or settlement with directors and officers will directly and negatively impact the recovery of the Estate with respect to such policies.  Further, any direct recovery of assets by the plaintiffs in the Florida Litigation and New York Litigation from the directors and officers or third parties would reduce the pool of assets available to the Trustee and the Estate.

23.    Continued prosecution of the Florida Litigation and the New York Litigation may also have a preclusive effect on my ability to prosecute the fiduciary duty claims held by the Estate. The facts underlying the Florida Litigation and the New York Litigation – namely, Hunsicker

committed material misrepresentations regarding the Debtor's financial condition, subscriber base, and capabilities to investors and other parties to procure further investment into the Debtor and hide her fraudulent scheme at the Debtor – are the same facts which will underlie the action I bring against Hunsicker on behalf of all Chapter 7 Creditors.

24.    This risk of depletion of assets and preclusive effect exist for any future actions filed against Hunsicker, other directors and officers, and third parties pursuing the same or similar theories of recovery.

25.    I will seek to hold Hunsicker, other officers and directors of the Debtor, and any culpable third parties accountable for their action in placing Hunsicker's and/or their own interests ahead of those of shareholders, investors, and Chapter 7 Creditors.

26.    Prior to the Petition Date, the Debtor's board appointed Monica Blacker ("Blacker") as an independent director and charged her with the task of conducting an investigation into allegations of fraud and wrongdoing at the company.  The law firm of Raines Feldman Littrell LLP (the "Raines Firm") prepared a report summarizing the results of that investigation.  In connection with the investigation, the Debtor made available to Blacker and the Raines Firm approximately 1.5 million documents.

27.    The KSV Defendants have requested that the Trustee produce to them the 1.5 million documents related to the investigation report.  Further, counsel to GB Members LLC and other stockholders have requested in writing that the Trustee produce to them documents covering a period of over 7 years and encompassing 30 different broad categories of documents related to a potential action by stockholders.  The documents requested would encompass thousands and thousands of documents.  It appears from the request by GB Members LLC that it intends to file an action similar to the Florida Litigation or the New York Litigation.  Both the KSV Defendants and counsel to GB Members LLC have threatened the filing of a 2004 motion if the requested

#125205570v2

5

documents are not produced, but neither has filed such a motion to date.

28.     I have begun the process of gathering documents relate to the case from the Debtor. While the total volume of documents is not yet known, it exceeds 1.5 million documents.  It could take thousands of hours to review such documents for production.

29.     It would present a severe burden if the Estate is obligated to respond to discovery in these actions, or other actions brought by one of the approximately 963 shareholders of the Debtor.

George L. Miller, solely in his capacity as
Chapter 7 Trustee

Date: _____9/17/2025_____

SWORN TO AND SUBSCRIBED BEFORE ME on this 17 day of September, 2025.

NOTARY PUBLIC

Commonwealth Of Pennsylvania - Notary Seal
Louann M. Cromley, Notary Public
Philadelphia County
My Commission Expires March 16, 2028
Commission Number 1296947