**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CAASTLE, INC.,<br><br><br><br>Debtor. | Chapter 7<br><br>Case No. 25-11187 (BLS)<br><br><br>Objection Deadline: March 31, 2026, at 4:00 p.m. ET<br><br>Hearing Date: May 13, 2026, at 9:30 a.m. ET |

**AMAZON WEB SERVICES, INC.'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO
TERMINATE EXECUTORY CONTRACT WITH CAASTLE, INC.**

Amazon Web Services, Inc. ("AWS") files this motion (the "Motion") for relief from the automatic stay to terminate the AWS Customer Agreement (the "Agreement"), which is the executory contract between Caastle, Inc. (the "Debtor") and AWS governing AWS' provision of cloud computing and storage services to the Debtor. Pursuant to 11 U.S.C. § 365(d)(1), the Agreement was deemed rejected sixty days from the Petition Date. However, the Debtor's AWS Account continues to accrue unpaid storage and service charges until the Agreement is formally terminated. AWS seeks relief from the automatic stay to proceed with formal termination given that termination will eliminate the Trustee's ability to access the account and result in deletion of any stored data in connection with the AWS Account. In support of this Motion, AWS submits the concurrently filed Declaration of John Lightbourn (the "Lightbourn Declaration"), and AWS respectfully represents the following:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.

2.      Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Sections 101, 362, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code").

## BACKGROUND

3.      On June 20, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). Thereafter, George L. Miller was appointed as the chapter 7 Trustee for the Debtor's bankruptcy estate (the "Trustee").

4.      AWS is a worldwide leader in the provision of cloud computing and storage services. Prior to the Petition Date, the Debtor entered into the Agreement with AWS. A true and accurate copy of the Agreement is attached as Exhibit A to the Lightbourn Declaration filed in support of this Motion. AWS provides cloud computing and storage services to the Debtor pursuant to the terms of the Agreement. The Debtor's cloud computing and storage account with AWS is identified by an account number ending in "42810" (the "AWS Account"). Lightbourn Decl., ¶ 3. AWS invoices the Debtor on a monthly basis for services rendered by AWS in the prior month. *Id.* at ¶2.

5.      Paragraph 4.1 of the Agreement allows AWS to suspend the Debtor's right to access any portion or all of the AWS service offerings should the user default on its payment obligations. Paragraph 4.2 clarifies that even with the Debtor's access suspended, the Debtor remains responsible for all fees and charges the user may incur during the period of suspension. Section 5 of the Agreement permits AWS to terminate the agreement immediately upon notice if AWS has the right to suspend the Debtor's access pursuant to Section 4.

2

6.      Pursuant to 11 U.S.C. § 365(d)(1), the Agreement was deemed rejected on or about August 19, 2025, sixty days from the Petition Date.

7.      Although the Agreement has been rejected, AWS has not exercised its contractual right to suspend access to the Debtor's AWS Account and AWS has not terminated the Agreement.

8.      As of March 1, 2026, the Debtor owed AWS a total of $481,309.03 for post-petition charges and $36,156.92 for pre-petition charges in connection with the AWS Account. Lightbourn Decl., ¶4. The Debtor's AWS Account has been delinquent since at least July 1, 2025. *Id.*

9.      The termination of the AWS Account will ultimately result in the deletion of any of the Debtor's stored data unless the Trustee moves such data from the AWS Account. AWS does not have any visibility into its customers' data, including any of the estate's data being stored in connection with the AWS Account.

10.      The Trustee has not indicated whether he agrees to AWS's termination of the AWS Account. Nor has the Trustee brought the AWS Account current. To protect against the possibility that the automatic stay may continue to apply to any data being stored in connection with the AWS Account, AWS brings this motion for relief from the automatic stay to permit termination of the Agreement and the AWS Account.

### RELIEF REQUESTED

11.      AWS requests the entry of an order pursuant to Bankruptcy Code sections 101 and 365(d)(1) and Federal Rules of Bankruptcy Procedure Rule 6006(b) authorizing AWS to terminate the Agreement and further authorize the termination of the Debtor's AWS Account and all related storage and cloud computing services.

### ARGUMENT

12.      AWS provides ongoing cloud data storage and computing services to the Debtor

under the terms of the Agreement, which constitutes an executory contract. Section 365(d)(1) of the Bankruptcy Code provides that, in a chapter 7 case, a debtor must assume an executory contract within a specified period of time, or else it will be deemed rejected:

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract . . . within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract . . . is deemed rejected.

11 U.S.C. § 365(d)(1).

13.     "Congress intended this provision to 'prevent parties in contractual . . . relationships with the debtor from being left in doubt concerning their status vis-a-vis the estate.'" *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1079 (3d Cir. 1992) (citing S. Rep. No. 989, 95th Cong., 2d Sess. 59 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5845).

14.     The Agreement was rejected by operation of § 365(d)(1) of the Bankruptcy Code, but the contract has not been *terminated*, and AWS continues to provide services to the estate in the form of cloud storage of electronic records of the Debtor. To date, the Trustee has not expressed any intention or desire to use the AWS Account or any data being stored in connection therewith. Nor has the Trustee indicated that he will bring the AWS Account current.

15.     Section 362(d)(1) of the Bankruptcy Code permits a court to grant relief from the automatic stay "for cause." 11 U.S.C. § 362. "The term 'cause' as used in section 362(d) has no obvious definition and is determined on a case-by-case basis." *See In re Integrated Health Servs., Inc.*, 2000 WL 33712483, *1 (Bankr. D. Del. Aug. 11, 2000); *In re Lincoln*, 264 B.R. 370, 372 (Bankr. E.D. Pa. 2001) ("Each request for relief for 'cause' under [section] 362(d)(1) must be considered on its own facts."). In determining whether "cause" exists, courts in this district will consider the following three "*Rexene* Factors": (a) the prejudice that would be suffered by the debtor should the stay be lifted; (b) the balance of the hardships facing the parties if the stay is

4

lifted; and (c) the probable success on the merits if the stay is lifted.[1] *In re Pursuit Athletic Footwear, Inc.*, 193 B.R. 713, 718 (Bankr. D. Del. 1996) (citing *Rexene Prods.*, 141 B.R. at 576); *see also In re DBSI, Inc.*, 407 B.R. 159, 166 (Bankr. D. Del. 2009) (listing as the second prong "whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor") (internal citations omitted).

16.     The *Rexene* factors demonstrate that cause exists for the Court to lift the automatic stay to allow AWS to terminate the Agreement and the AWS Account. Given that the Agreement was rejected, the prejudice facing the Debtor is minimal if any prejudice to the Debtor exists at all. Indeed, the continued accrual of fees related to storage and cloud services could negatively impact recoveries for other creditors, while termination would cease continued accrual of such charges. Conversely, the prejudice AWS will continue to face should the stay not be lifted is significant. AWS continues to provide cloud computing and storage services to the estate without receiving any compensation or any assurances that it will be promptly compensated for its continued services. If the Court does not grant this Motion, AWS will be forced to continue to perform services for the estate indefinitely, for free, and without assurances that it will be compensated. To date, over $480,000 in post-petition charges are owed to AWS and charges continue to accrue at the average rate of more than $57,000 per month. Because the hardship facing AWS considerably outweighs any hardship to the Debtor, the Court should lift the automatic stay.

17.     For the reasons set forth herein, AWS requests that the Court enter an order providing that the Agreement is deemed immediately terminated and AWS is authorized to take

---

[1]     AWS submits that the probability of success on the merits factor is inapplicable to the circumstances under which it seeks stay relief.

any and all actions to effectuate such termination of the AWS Account and services, including terminating any storage of records of the Debtor.[2]

## NOTICE

18.     Notice of this Motion has been given to: (i) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801; (ii) counsel for the Trustee, Dilworth Paxson LLP, Attn: Peter C. Hughes, 800 N. King Street, Suite 202; (iii) the Trustee; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002.

## CONCLUSION

19.     WHEREFORE, AWS respectfully requests that this Court enter an order (i) deeming the Agreement terminated; (ii) relieving AWS of further performance in connection with the Agreement, including by authorizing AWS to terminate storage and cloud computing services; and (iii) granting AWS such further relief as is just and proper

Date: March 17, 2026

**K&L GATES LLP**

*/s/ Matthew B. Goeller*
Robert K. Beste (No. 3931)
Matthew B. Goeller (No. 6283)
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
robert.beste@klgates.com
matthew.goeller@klgates.com

*Attorneys for Amazon Web Services, Inc.*

---

[2]    Upon entry of the order requested by AWS, AWS will remove from cloud storage all records relating to the AWS Account and such records will no longer be accessible or recoverable. AWS reserves its rights to assert an administrative priority claim on account of post-petition services provided to the estate in connection with the Debtor's AWS Account.

6