**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 7 |
| CaaStle Inc. | Case No. 25-11187 (BLS) |
| Debtor. | **Hearing Date: May 13, 2026 at 9:30 a.m.**<br>**Objection Deadline: May 6, 2026 at 4:00 p.m.** |

**TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT BY AND BETWEEN GEORGE L. MILLER, CHAPTER 7 TRUSTEE, AND THE GRANITE ENTITIES**

George L. Miller, Chapter 7 trustee (the "Trustee") for the estate (the "Estate") of the above-captioned Debtor (the "Debtor"), files this motion (the "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of the Title 11 of the United States Code (the "Bankruptcy Code") seeking entry of an order in the form attached hereto as **Exhibit A** approving the *Settlement Agreement by and between George L. Miller, Chapter 7 Trustee, and the Granite Entities* (the "Agreement")[1] by and between the Trustee and the Granite Entities (collectively, the the "Parties"), and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Agreement. In support, the Trustee respectfully states:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over the subject matter of the Motion pursuant to 18 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee has standing to request the relief stated in the Motion. The statutory predicates for the relief sought herein are Section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

---

[1] Unless otherwise indicated, capitalized terms not otherwise defined in this Motion shall have the meanings provided in the Agreement.

#125593805v1

## BACKGROUND

2.      On or about June 20, 2025 (the "Petition Date"), the Debtor filed for voluntary relief under Chapter 7 of the Bankruptcy Code.

3.      On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the chapter 7 trustee to the Estate.

4.      The Debtor's business included operating a platform enabling rental subscription and e-commerce services to women's apparel brands.  The Debtor was headquartered in New York, New York.

5.      The Debtor's operations have ceased.

6.      Prior to the Petition Date, the Granite Entities were holders of stock in the Debtor.

7.      Pursuant to his duties, the Trustee has undertaken an investigation of avoidable transfers made to parties which may be recoverable by the Debtor's Estate pursuant to sections 548 and 550 of the Bankruptcy Code and applicable state law.

8.      The Trustee identified a total of $10,509,000 in transfers (the "Transfers") made from the Debtor to the Granite Entities for the repurchase of stock in the Debtor (the "Stock Redemptions").

9.      The Trustee has engaged in settlement negotiations with the Granite Entities prior to initiating an adversary action to recover the Transfers.

10.      The Granite Entities consist of GCM, GCI, WSM, RCMT, RCMDT, RCMMT, WSMNET, and WBS, each as defined in that certain Addendum to Settlement Agreement by and Between George L. Miller, Chapter 7 Trustee, and the Granite Entities (the "Addendum").  The Granite Entities have requested in connection with the Agreement that the identity of the Granite

2

Entities remain confidential, so that the Addendum will not be filed on the docket. Each of the Granite Entities are investors who purchased stock in the Debtor and received funds from the Debtor with respect to redemption of their stock; none of the Granite Entities are insiders of the Debtor.

11.    The Parties have entered into the Agreement to fully and finally resolve any potential claims the Trustee may have regarding the Transfers. A true and correct copy of the Agreement is attached hereto as **Exhibit B**.

## RELIEF REQUESTED

12.    By this Motion, the Trustee seeks an order of this Court (a) approving the Agreement; (b) authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the terms and provisions of the Agreement; and (c) providing that the Bankruptcy Court retain jurisdiction to enforce the Agreement.

## The Agreement

13.    The complete terms and conditions of the Agreement are more fully set forth in the Agreement. The Agreement provides generally for the following:[2]

Payment. Within five (5) business days after the execution of the Agreement, the Granite Entities shall pay the sum of $6,000,000.00 to the Trustee (the "Settlement Amount").

Release by the Granite Entities. Upon the Approval Date, the Granite Entities shall be deemed to have fully and forever released the Trustee Parties from any and all claims, provided that (a) the Granite Entities are entitled to file proofs of interest in this Chapter 7 Case to the extent of 57.1% of their respective stock previously redeemed as part of the Stock Redemptions pursuant to section 502(h) of the Bankruptcy Code; (b) the rights of the Granite Entities with respect to such proofs of interest shall not be released under the Agreement; and (c) the Trustee shall not object to such proofs of interest to the extent they comport with the provisions of the Agreement.

Release by Trustee. Upon the Approval Date, the Trustee, on behalf of himself, the Debtor and the Debtor's bankruptcy estate, shall be deemed to have fully and forever released the

---

[2] In the event the description of the Agreement set forth herein differs from the terms of the Agreement, the terms of the Agreement shall control.

3

Granite Entities from any and all claims, provided that the Granite Entities are not released with respect to claims arising from any breach of certain representations and warranties by the Granite Entities with respect to the amount of the Transfers.

Failure to Make Payment.  If the Granite Entities fail to make timely payment under the Agreement, the Agreement becomes null and void.

## BASIS FOR RELIEF REQUESTED

14.    This Court has the authority to grant the relief requested in this Motion pursuant to Bankruptcy Code Section 105 and Rule 9019(a) of the Bankruptcy Rules. Bankruptcy Code Section 105(a) provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Rule 9019 of the Bankruptcy Rules grants the Court authority to approve settlements of claims and controversies after notice and a hearing.[3]  Under this authority, the Third Circuit has emphasized that, "to minimize litigation and expedite the administration of a bankruptcy estate, '[compromises] are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F. 3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[l] (15th ed. 1993)).  In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

15.    Before approving a settlement under Rule 9019(a) of the Bankruptcy Rules, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (quoting *Louise's*, 211 B.R. at 801).  To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *Martin*, 91 F.3d at 393.  In striking this balance, the court should consider the following factors.

---

[3] Rule 9019(a) of the Bankruptcy Rules provides in pertinent part that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

4

#125593805v1

    i.      The probability of success in the litigation;

    ii.      The complexity, expense and likely duration of the litigation;

    iii.      The possibilities of collecting on any judgment which might be obtained;

    iv.      All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

    v.      Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

*Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968). *See also Martin*, 91 F.3d at 393.  Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425.  The *TMT* rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, but rather the court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.), quoting *In re Drexel Lambert Group, Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991). *See also, Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983).

16.    In the absence of a settlement, the Trustee would initiate an adversary proceeding and litigate over the recovery of the Transfers.

17.    In any such litigation, the Trustee expects that the Granite Entities would assert defenses, which may have the effect of reducing their exposure.

18.    In order to avoid litigation and recover a portion of the Transfers, the Trustee believes entering into the Agreement is the best option for the Estate.

#125593805v1

19.     In making the decision to enter into the Agreement, the Trustee has considered, among other factors: (i) the risks and expenses of litigation; (ii) the benefit of resolving litigation in an expeditious manner; and (iii) the probability of success with respect to the claims.

20.     The Trustee believes that the Agreement is in the best interest of the Debtor's Estate and creditors generally because the Agreement will provide a recovery of $6,000,000.00 to the Debtor's Estate.  Such recovery represents approximately 57% of the amount of the Transfers.

21.     Further, the Trustee believes that the Agreement is in the best interest of the Estate and creditors generally because, in the absence of the settlement, recovery would be delayed and uncertain.  Further, although the Trustee's counsel has been engaged on a contingent basis, the Estate would incur additional litigation expenses, including but not limited to consultant and expert fees and mediation costs absent the instant settlement.

22.     The Trustee respectfully submits that all of the foregoing factors reflect that the Agreement is a fair and equitable settlement, which meets or exceeds the required range of reasonableness and should be approved by this Bankruptcy Court as being in the best interest of the Estate and the Debtor's creditors.

### **NOTICE**

23.     On March 20, 2026, the Court entered an Order Granting Motion to Limit Notice with Respect to Motions of the Chapter 7 Trustee For Approval of Avoidance Action Settlements Pursuant to Fed. R. Bankr. P. 9019 (D.I. 158) (the "Order Limiting Notice").

24.      In accordance with the Order Limiting Notice, the Trustee will provide notice of this Motion to the following parties: (i) the Office of the United States Trustee; (ii) the Debtor's counsel; (iii) counsel for the Granite Entities; and (iv) all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of this Motion.

#125593805v1

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached: (i) approving the Agreement; (ii) authorizing him to take all actions necessary to carry out the terms of the Agreement; (iii) granting related relief; and (iv) granting any further relief as may be appropriate.

Dated: April 22, 2026

**DILWORTH PAXSON LLP**

*/s/ Peter C. Hughes*
Peter C. Hughes (No. 4180)
800 N. King Street, Suite 202
Wilmington, DE 19801
Telephone:    302-571-9800
Facsimile:    302-571-8875
Email:    phughes@dilworthlaw.com

and

Peter C. Hughes
Jack Small
1650 Market St., Suite 1200
Philadelphia, PA 19103
Telephone:    (215) 575-7000
Facsimile:    (215) 754-4603
Email:    phughes@dilworthlaw.com
Email:    jsmall@dilworthlaw.com

*Attorneys for George L. Miller, Chapter 7 Trustee*

7

#125593805v1