# EXHIBIT 1

**The Stipulation**

|  |  |
|---|---|
| In re: | Chapter 7 |
| CAASTLE, INC., | Case No. 25-11187 (BLS) |
| Debtor. | |

**STIPULATION REGARDING CONTRACT
BETWEEN AMAZON WEB SERVICES, INC. AND CAASTLE, INC.**

Amazon Web Services, Inc. ("AWS") and George L. Miller, Chapter 7 Trustee (the "Trustee," and together with AWS, the "Parties," and each, a "Party") for the estate (the "Estate") of the above-captioned debtor (the "Debtor") hereby stipulate and agree as follows:

### RECITALS

1.      On June 20, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* in the United States Bankruptcy Court for the District of Delaware (the "Court"). Thereafter, the Trustee was appointed as the chapter 7 Trustee for the Debtor's bankruptcy estate.

2.      AWS asserts that it is a worldwide leader in the provision of cloud computing and storage services. AWS and the Debtor entered into an AWS Customer Agreement (the "Agreement"), a copy of which can found at the following link: https://aws.amazon.com/agreement/. Debtor's cloud computing and storage account with AWS is identified by an account number ending in "42810" (the "AWS Account").

3.      AWS asserts that, as of March 1, 2026, the Debtor owed AWS a total of $36,156.92 for prepetition charges and $481,309.03 for postpetition charges in connection with the AWS Account, and that the Debtor's AWS Account has been delinquent since at least July 1, 2025.

4.     The Trustee asserts that AWS received approximately $195,000 in transfers from the Debtor during the 90-day period prior to the Petition Date (the "Preference Period") that may be avoidable as preferential transfers pursuant to 11 U.S.C. § 547. AWS disputes that any of the transfers it received during the Preference Period are avoidable and asserts defenses to any such avoidance claims, including the ordinary course of business and subsequent new value defenses pursuant to section 11 U.S.C. § 547(c).

5.     The Agreement was deemed rejected 60 days following the Petition Date pursuant to 11 U.S.C. § 365(d)(1), on or about August 19, 2025.

6.     The Trustee has no intention or desire to continue to use the AWS Account and has decided that he no longer has any need for any data being stored in connection with the AWS Account. The Trustee's representatives informed AWS on January 29, 2026 that the Trustee does not object to deletion of the AWS Account and that there is no need to transition data from the AWS Account.

7.     The Parties have engaged in arm's-length and good faith settlement discussions to resolve their issues concerning the AWS Agreement, including AWS's asserted pre- and post-petition claims against the Estate related thereto and any claims the Estate may hold against AWS. As a result of these discussions, the Parties have agreed to the provisions set forth herein with respect to the Agreement and the AWS Account.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED:**

A.     The Agreement is deemed terminated without further notice.

B.     This Stipulation is subject in its entirety to approval by the Court. The Trustee shall submit this Stipulation to the Court for approval, and the Parties agree to cooperate to obtain such

approval. The date on which the Stipulation is approved by the Court by a final and non-appealable order shall be the "Effective Date"

C. AWS shall have no further obligations of performance under the Agreement or in connection with the AWS Account.

D. AWS may delete the AWS Account, and all data stored in connection therewith, without further notice.

E. To the extent relief from the automatic stay under 11 U.S.C. § 362(d) is required for any relief approved in connection with this Stipulation, such relief from the automatic stay shall be immediately and automatically granted upon entry of a Court order approving this Stipulation (the "Order").

F. The Parties agree that the total allowed administrative expense claim pursuant to 11 U.S.C. §§ 502, 503(b), and 507(a)(2) that is due and owing to AWS pursuant to the AWS Agreement is $115,585.54 (the "Allowed Administrative Expense Claim"). The Trustee shall pay the Administrative Expense Claim to AWS by wire within thirty (30) days following the Effective Date.

G. The Parties agree that the total allowed general unsecured claim pursuant to 11 U.S.C. § 502 that is due and owing to AWS pursuant to the AWS Agreement is $36,156.92 (the "Allowed GUC Claim"). The Trustee shall provide AWS with a *pro rata* distribution with other general unsecured claims on account of AWS's Allowed GUC Claim on the date of the Trustee's next distribution to general unsecured creditors.

H. Effective as of the Effective Date, the Trustee, Estate, and the Debtor (collectively, the "Estate Releasing Parties") release and forever discharge AWS, its affiliates, and its past and present agents, attorneys, predecessors, successors, and assigns, separately and collectively, from

any and all claims and causes of action, including those arising under chapter 5 of the Bankruptcy Code, known or unknown, of any nature or type, that the Estate Releasing Parties have, or may have, against AWS related to the Debtor, the Estate, and/or the Debtor's chapter 7 bankruptcy case.

I. Effective as of the Effective Date, AWS releases and forever discharges the Estate Releasing Parties and their affiliates, past and present agents, attorneys, predecessors, successors, and assigns, separately and collectively, from any and all claims and causes of action, known or unknown, of any nature or type, that AWS has, or may have, against the Estate Releasing Parties related to the Debtor, the Estate, and/or the Debtor's chapter 7 bankruptcy case; provided, however, that the release provisions of this paragraph shall not have the effect of releasing the obligations of the Estate Releasing Parties set forth in this Stipulation with respect to the Allowed Administrative Expense Claim or the Allowed GUC Claim.

J. The Parties agree that the terms of this Stipulation, including payment of the Allowed Administrative Expense Claim and the Allowed GUC Claim, shall be in full and final satisfaction of any and all claims of AWS against the Debtor or the Estate arising from or in connection with the AWS Agreement or the Estate's rejection of the AWS Agreement.

K. In the event the Effective Date has not occurred within 30 days after submission of the Stipulation for approval, then absent a further written agreement of the Parties, this Stipulation shall be null and void and of no effect and the Parties shall be restored to the factual and legal position that existed immediately prior to execution of this Stipulation.

L. The Parties acknowledge that this Stipulation is the joint work product of the Parties, and that, accordingly, in the event of ambiguities, no inferences shall be drawn against a Party on the basis of authorship of this Stipulation.

M.     Notwithstanding the applicability of Bankruptcy Rule 4001(a)(3), the Partes agree that the terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

N.     The Parties agree that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of the Order.

Dated: May 5, 2026

**DILWORTH PAXSON LLP**                         **K&L GATES LLP**

By: */s/ Peter C. Hughes*                         By:  */s/ Matthew B. Goeller*
Peter C. Hughes DE 4180                          Matthew B. Goeller (No. 6283)
800 N. King St., Suite 202                        600 N. King St, Suite 901
Wilmington, DE 19801                              Wilmington, DE 19801
Tel: (302) 571-9800                               Tel: (302) 416-7080
Email: phughes@dilworthlaw.com                    Email: matthew.goeller@klgates.com

*Counsel for Chapter 7 Trustee*                   *Counsel for Amazon Web Services, Inc.*