**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>CaaStle Inc.,<br><br>             Debtor. | Chapter 7<br><br>Case No. 25-11187 (BLS)<br><br><br>**Objection Deadline: August 5, 2026 at 4:00 p.m.**<br>**Hearing Date: August 19, 2026 at 11:00 a.m.** |

**FIRST INTERIM APPLICATION FOR PAYMENT OF CONTINGENT FEE
AND FOR REIMBURSEMENT OF COSTS AND EXPENSES OF
DILWORTH PAXSON LLP, AS COUNSEL TO GEORGE L. MILLER,
<u>CHAPTER 7 TRUSTEE IN CONTINGENT MATTERS</u>**

| | |
|---|---|
| Name of Applicant: | Dilworth Paxson LLP ("Dilworth Paxson") |
| Authorized to Provide Professional Services to: | George L. Miller, Chapter 7 Trustee |
| Date of Retention: | October 8, 2025 |
| Period for which compensation and reimbursement is sought: | October 8, 2025 – June 30, 2026 |
| Amount of Compensation sought as actual, reasonable and necessary:<br><br>Expense Reimbursement sought: | $2,100,000.00<br><br><br>$42,879.33 |
| This is a ■ Interim □ Final □ Monthly Application | |

      The total time expended for fee application preparation is approximately <u>0</u> hours and the corresponding compensation requested is approximately $<u>0.00</u>.

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Lawrence C. McMichael | Partner, Obtained license in 1978, Bankruptcy | Contingent | 1.50 | Contingent |
| Peter C. Hughes | Partner, Obtained license in 1991, Bankruptcy | Contingent | 489.70 | Contingent |
| Ira N. Richards | Partner, Obtained license in 1986, Bankruptcy | Contingent | 139.10 | Contingent |

| | | | | |
|---|---|---|---|---|
| Roberta A. Barsotti | Partner, Obtained license in 1994, Bankruptcy | Contingent | 0.80 | Contingent |
| Jack M. Small | Associate, Obtained license in 2021, Bankruptcy | Contingent | 71.50 | Contingent |
| Samantha Gill | Associate, Obtained license in 2024, Bankruptcy | Contingent | 93.00 | Contingent |
| Giavanna A. Litz | Associate, Obtained license in 2025, Bankruptcy | Contingent | 126.00 | Contingent |
| Kelsey V. Sheronas | Associate, Obtained license in 2021, Bankruptcy | Contingent | 19.80 | Contingent |
| John Higson | Partner, Obtained license in 1997, Litigation | Contingent | 17.20 | Contingent |
| David Rodkey | Partner, Obtained license in 2007, Litigation | Contingent | 33.70 | Contingent |
| Gerald Wixted | Partner, Obtained license in 1988, Insurance | Contingent | 7.00 | Contingent |
| Matthew Gardella | Associate, Obtained license in 2022, Litigation | Contingent | 74.40 | Contingent |
| Miriam Dolan | Paralegal, Litigation | Contingent | 0.20 | Contingent |
| Christine Tomlin | Paralegal, Bankruptcy, Joined the firm in 2016 | Contingent | 47.00 | Contingent |
| Valori A. Henwood | Paralegal, Bankruptcy, Joined the firm in 2022 | Contingent | 69.00 | Contingent |
| Susan M. Henry | Paralegal, Bankruptcy, Joined the firm in 2026 | Contingent | 124.50 | Contingent |
| **TOTAL REQUESTED COMPENSATION: N/A  TOTAL HOURS BILLED: N/A** | | | | |
| BLENDED RATE (excluding paraprofessionals): N/A | | | | |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration (B110) | | Contingent |
| Asset Analysis and Recovery (B120) | | Contingent |
| Asset Disposition (B130) | | Contingent |
| Relief from Stay/Adequate Protection Proceedings (B140) | | Contingent |
| Meetings of and Communications with Creditors (B150) | | Contingent |
| Fee/Employment Applications (B160) | | Contingent |
| Avoidance Actions (B180) | 453.20 | Contingent |
| Assumption/Rejection of Leases and Contracts (B185) | | Contingent |
| Other Contested Matters (B190) | 861.20 | Contingent |

#125623030v12

| | | |
|---|---|---|
| Non-Working Travel (B195) | | Contingent |
| Claims Administration and Objections (B310) | | Contingent |
| Plan and Disclosure Statement (B320) | | Contingent |
| **TOTAL:** | **Contingent** | **Contingent** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider(s) | Total Expense |
|---|---|---|
| Filings/Recordings | | $1,053.40 |
| Information Services | Westlaw | $5,146.87 (50% fee reduction) |
| UPS/FedEx | | $13.93 |
| Outside Services- Translation | | $13,505.70 |
| Summons & Complaint - Service | | $1,205.35 |
| Outside Duplication Services | | $11.50 |
| Document Hosting | CasePoint | $21,942.58 |
| | **Total:** | **$42.879.33** |

#125623030v12

|  |  |
|---|---|
| In re:<br><br>CaaStle Inc.,<br><br>             Debtor. | Chapter 7<br><br>Case No. 25-11187 (BLS)<br><br>**Objection Deadline: August 5, 2026 at 4:00 p.m.**<br>**Hearing Date: August 19, 2026 at 11:00 a.m.** |

**FIRST INTERIM APPLICATION FOR PAYMENT OF CONTINGENT FEE
AND FOR REIMBURSEMENT OF COSTS AND EXPENSES OF
DILWORTH PAXSON LLP, AS COUNSEL TO GEORGE L. MILLER,
CHAPTER 7 TRUSTEE IN CONTINGENT MATTERS**

Dilworth Paxson LLP ("Dilworth Paxson"), as counsel to George L. Miller, Chapter 7 Trustee, hereby applies (the "Application") for payment of a contingent fee in the amount of $2,100,000.00 with respect to recoveries by the estate to date in contingent matters and reimbursement of expenses in the amount of $42,879.33 incurred with respect to contingent actions.

Dilworth Paxson files this Application under sections 328, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure.

In support of the Application, Dilworth Paxson respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought in this application are Bankruptcy Code §§ 328, 330, and 331.

**BACKGROUND**

A.      The Bankruptcy Case

1.      On June 20, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.      Subsequently, the Office of the United States Trustee for the District of Delaware appointed George L. Miller as chapter 7 trustee for the Debtor's bankruptcy case. D.I. 5.

B.      Retention of Dilworth Paxson

3.      On June 27, 2025, the Trustee filed an application to employ Dilworth Paxson as Counsel to the Trustee on an hourly basis for representation with respect to general bankruptcy matters. D.I. 9.

4.      The retention of Dilworth Paxson for this scope of representation was approved by the Bankruptcy Court on July 15, 2025. D.I. 23.

C.      Approval of Contingent Fee Retention

5.      On September 22, 2025, the Trustee filed a Motion to Approve Contingent Fee Agreement with Dilworth Paxson LLP pursuant to 11 U.S.C. § 328(a) in connection with certain Adversary Proceedings (the "Contingent Application").  Through the Contingent Application, the Trustee sought to employ Dilworth Paxson on a contingent basis to pursue certain adversary proceedings, namely (a) redemption avoidance actions, (b) actions against directors and officers, (c) preference actions, and (d) actions against accountants for the Debtor (the "Contingent Actions"). D.I. 85.  The Trustee indicated in the Contingent Application that the Debtor's estate does not have sufficient funds to pay the fees and expenses expected to be incurred with respect to the Contingent Actions.

#125623030v12

6. Through the Contingent Application, the Trustee sought approval of a contingency fee agreement (the "Fee Agreement"). The Fee Agreement provides that Dilworth Paxson shall be entitled to receive a contingent fee equal to thirty percent (30%) of the gross amount of any recovery from Contingent Actions that settle prior to trial. The Trustee indicated in the Contingent Application that the terms of the Fee Agreement are reasonable and consistent with those for similar complex commercial matters. A true and correct copy of the Fee Agreement is attached hereto as Exhibit "A."

7. On October 8, 2025, the Court entered an Order approving the Contingent Fee Agreement pursuant to 11 U.S.C. 328(a). D.I. 95 (the "Retention Order"). In the Retention Order, the Court made findings that:

a. The estate of the Debtor lacks the funds to pay the fees expected to be incurred with respect to the Contingent Actions.

b. Based on the complexities of the Contingent Actions, the potential for protracted litigation, and the lack of funds in the estate, a contingency fee arrangement is appropriate and in the best interests of the estate.

c. The terms of the contingent fee are reasonable under the circumstances.

d. Further, the contingent fee arrangement is appropriate because the bankruptcy estate will not bear the risk of paying fees if there is no recovery from the Contingent Actions.

Retention Order at 1. A true and correct copy of the Retention Order is attached hereto as Exhibit "B."

8. Pursuant to the Retention Order and Fee Agreement, Dilworth Paxson agreed that it would advance all out-of-pocket costs and expenses incurred in connection with the investigation and prosecution of the Contingent Actions, including, but not limited to, costs and expenses for filing fees, expert fees and expenses, postage, travel, couriers, meals, lodging, court reporters, transcripts, secretarial overtime, and photocopying (the "Expenses"), but may periodically submit

such Expenses to the Bankruptcy Court and request their reimbursement as administrative expenses of the Debtor's estate.

D.    Dilworth's Hourly Fee Applications

9.    On October 31, 2025, Dilworth Paxson filed its First Interim Application for Compensation for Services Rendered as Counsel to George L. Miller, Chapter 7 trustee (the "First Interim Hourly Fee Application") (D.I. 106), seeking approval of its fees and expenses relating to its hourly engagement for the period from June 24, 2025 to September 30, 2025.

10.    On November 26, 2025, the Court entered an Order approving the First Interim Hourly Fee Application. (D.I. 133).

11.    By this First Interim Fee Application for Payment of Contingent Fee and Reimbursement of Costs and Expenses, Dilworth Paxson seeks payment of a contingent fee relating to its recoveries to date in contingent matters.  To date, the estate has recovered funds with respect to (a) Arthur Cohen and RIT 22 Trust, and (b) the Granite Entities, each relating to avoidance of stock redemption transactions.  Dilworth Paxson also seeks reimbursement of expenses relating to its pursuit of contingent matters.  This Application is designated as a "First Interim" Application because it is the First Interim Application requesting payment of a contingent fee.

## SUMMARY OF SERVICES REGARDING CONTINGENT MATTERS

12.    Consistent with its retention with respect to the Contingent Actions, Dilworth proceeded to take the following steps with respect to contingent matters:

a.    Issuance of requests for documents to potential defendants and review of the documents produced in response;

b.    Investigation of the facts regarding potential actions against directors and officers, accounting firms, and recipients of redemptions of stock by the Debtor, including review of documents relating to such potential actions;

4

c. Research regarding state and federal law regarding avoidance actions against parties who received stock redemptions, actions against directors and officers, and actions against accounting firms;

d. Drafting a complaint against the directors and officers and multiple complaints regarding avoidance of the stock redemption transactions;

e. Filing the complaint against directors and officers and multiple complaints seeking avoidance of stock redemption transactions;

f. Negotiating with multiple defendants and potential defendants regarding resolution of the estate's claims;

g. Drafting settlement agreements with respect to the Cohen/RIT 22 trust settlement and the Granite settlement; and

h. Obtaining Bankruptcy Court approval for the estate's settlements with Cohen/RIT 22 Trust and the Granite Entities.

## RECOVERIES TO DATE WITH RESPECT TO CONTINGENT ACTIONS

A. Granite Entities

13. In the course of its investigation, Dilworth Paxson identified a total of $10,509,000 in transfers made from the Debtor to the Granite Entities for the repurchase of stock in the Debtor and potential claims that could be brought in connection therewith under sections 548 and 550 of the Code and applicable state law. Prior to filing an adversary action, Dilworth Paxson contacted the Granite Entities and negotiated a settlement of the estate's potential claims, which the Bankruptcy Court approved on May 8, 2026. D.I. 190. Pursuant to that settlement agreement, the Granite Entities agreed to return $6,000,000 to the Debtor's estate to fully and finally resolve any claims the Trustee may have in connection with the stock repurchases in question. Id. The settlement amount has been paid to the Debtor's estate.

B. Cohen/RIT 22 Trust

14. Dilworth Paxson also identified a total of $1,500,000 transferred from the Debtor to Arthur Cohen ("Cohen") and the RIT 22 Trust for the repurchase of stock in the Debtor, and potential claims that could be brought in connection therewith under sections 548 and 550 of the

5

Code and applicable state law, and prepared a complaint for recovery of such transfers. Prior to filing an adversary action, Dilworth Paxson engaged in communications with counsel to Cohen and the RIT 22 Trust and negotiated a settlement of the claims against those parties, which the Bankruptcy Court approved on April 7, 2026. D.I. 177. Pursuant to that settlement agreement, Cohen and the RIT 22 Trust agreed to return $1,000,000 to the Debtor's estate to fully and finally resolve any claims the Trustee may have in connection with the stock repurchases. Id. The settlement amount has been paid to the Debtor's estate.

15. Accordingly, the estate has received a total of $7,000,000 from the Cohen/RIT 22 Trust settlement and the Granite settlement.

16. Dilworth Paxson has brought several actions seeking to recover from other parties amounts transferred from the Debtor as stock redemptions and/or repurchases, which actions remain pending. Dilworth Paxson has also filed a complaint against directors and officers which remains pending.

### RELIEF REQUESTED

#### Contingent Fee

17. Dilworth Paxson submits that all services for which it seeks compensation were performed for, or on behalf of, George L. Miller, as Chapter 7 Trustee.

18. In connection with the services described in Paragraph 12 above relating to contingent actions, Dilworth Paxson expended 1,073.70 hours of attorney time and 240.70 hours of paralegal time with a time value, based on Dilworth Paxson's standard billing rates, of $836,254.00 through June 30, 2026. A summary of such time is set forth in Exhibit "C".

19. Such time includes time spent on all contingent matters for the estate through June 30, 2026, including but not limited to work with respect to the Granite and RIT 22 Trust matters, other redemption recovery actions, the director and officer action, investigation of claims against

accountants, and preference matters, but does not include time spent on Dilworth's hourly engagement in the bankruptcy case.

20. In accordance with the Fee Agreement, Dilworth Paxson is entitled to a contingent fee equal to thirty percent (30%) of the gross recovery to the Debtor's estate resulting from settlements of Contingent Actions prior to trial. For purposes of determining Dilworth Paxson's contingent fee, this gross recovery is the total of the amounts provided for in the settlement agreements with the Granite Entities and with Arthur Cohen and the RIT 22 Trust, which total $7,000,000.

21. Accordingly, Dilworth Paxson seeks and is entitled to a contingent fee of $2,100,000 calculated as follows: total gross recovery of $7,000,000 X 30% = $2,100,000.

22. In accordance with 11 U.S.C. § 328 and the factors enumerated in 11 U.S.C. § 330 of the Bankruptcy Code, Dilworth Paxson respectfully submits that the amount requested by Dilworth Paxson is fair and reasonable given (a) the preapproval of the terms and conditions of the engagement, (b) the complexity of the investigation and the Contingent Actions, (c) the time expended, (d) the nature and extent of the services rendered, (e) the value of such services, (f) the costs of comparable services other than in a case under this title, (g) the risk taken by Dilworth Paxson on behalf of the Trustee, and (h) the recovery of $7,000,000 on behalf of the Trustee.

**Actual and Necessary Expenses**

23. A summary of actual and necessary expenses incurred by Dilworth Paxson for the Application Period is attached hereto as Exhibit "D."

24. On-line legal research (Westlaw) is charged to clients at a 50% discounted cost.

25. In-house photocopies are billed at $.10 per page.

26. Dilworth uses a third-party document hosting service (Casepoint) to store and access electronic discovery documents. Dilworth pays a flat monthly fee to Casepoint based on

7

the expected level of storage needed for all clients per month, and an additional monthly fee to Casepoint for months in which the firm's total storage needs exceed that level. The Firm has generally billed clients at the rate of $7 per gigabyte for the period through November 2025 and at the rate of $8 per gigabyte for the period from and after December 2025. At those rates, Dilworth Paxson expects to break even with respect to electronic discovery storage. Dilworth Paxson does not bill clients for the time of a Dilworth employee who is dedicated to providing electronic discovery services. It is not practical for Dilworth to determine in any given month whether the charges to a particular client for storage of electronic discovery documents are higher or lower than Dilworth's actual cost, but over time Dilworth has generally broken even with respect to such charges at the rates described above.

27. Multiple millions of documents are stored relating to this case.

28. For this matter, Dilworth Paxson has agreed to a reduced rate of $2.50 per gigabyte per month, significantly less than the current standard rate of $8 per gigabyte per month.

29. A summary of the data storage charges for the contingent matters is set forth in Exhibit "E".

30. The other expenses incurred during the Compensation period are billed at cost.

### Local Rule 2016-1(g) Certification

31. Dilworth Paxson hereby certifies that it has reviewed the requirements of Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware and that this Application and the exhibits attached hereto substantially comply with Bankruptcy Rule 2016-1.

### Notice

32. On November 3, 2025, the Court entered an Order Approving Motion to Limit Notice With Respect to Applications for Compensation of All Professionals Retained By The

Trustee (D.I. 107) (the" Order Limiting Notice"). This Application has been served by ECF notice and in accordance with the Order Limiting Notice.

WHEREFORE, Dilworth Paxson respectfully requests: (a) that it be awarded a contingent fee of $2,100,000 as provided in this Application in connection with prosecution of the Contingent Actions and (b) that it be allowed reimbursement of expenses in the amount of $42,879.33.

Dated: July 15, 2026

DILWORTH PAXSON LLP

/s/ *Peter C. Hughes*

Peter C. Hughes
800 N. King Street, Suite 202
Wilmington, DE 19801
Telephone:    302-571-9800
Facsimile:    302-571-8875
Email:    phughes@dilworthlaw.com

and

Peter C. Hughes (DE 4180)
1650 Market Street, Suite 1200
Philadelphia, PA 19103
Telephone:    215-575-7000
Facsimile:    215-754-4603
Email:    phughes@dilworthlaw.com

*Counsel for George L. Miller, Trustee*

9