**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CaaStle Inc.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-11187 (BLS) |
| GEORGE L. MILLER, solely in his capacity as chapter 7 trustee for the bankruptcy estate of CaaStle Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Sonal Shah, Sandeep Shah, and John Does 1-10,<br><br>Defendants. | Adv. Pro. No.: 26-50214 (BLS)<br><br>**Hearing Date: September 30, 2026 at 11:00 a.m.**<br>**Objection Deadline: September 2, 2026 at 4:00 p.m.** |

**TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT BY AND BETWEEN GEORGE L. MILLER, CHAPTER 7 TRUSTEE, AND SONAL AND SANDEEP SHAH**

George L. Miller, Chapter 7 trustee (the "Trustee") for the estate (the "Estate") of the above-captioned Debtor (the "Debtor"), files this motion (the "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of the Title 11 of the United States Code (the "Bankruptcy Code") seeking entry of an order approving the *Settlement Agreement by and between George L. Miller, Chapter 7 Trustee, and Sonal and Sandeep Shah* (the "Agreement")[1] by and between the Trustee and Sonal Shah and Sandeep Shah (the "Defendants") (collectively with the Trustee, the "Parties"), and authorizing the Trustee to

[1] Unless otherwise indicated, capitalized terms not otherwise defined in this Motion shall have the meanings provided in the Agreement.

take any and all actions as may be necessary and appropriate to implement the provisions of the Agreement. In support, the Trustee respectfully states:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the Motion pursuant to 18 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee has standing to request the relief stated in the Motion. The statutory predicates for the relief sought herein are Section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

## BACKGROUND

2. On or about June 20, 2025 (the "Petition Date"), the Debtor filed for voluntary relief under Chapter 7 of the Bankruptcy Code.

3. On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the chapter 7 trustee to the Estate.

4. The Debtor's business included operating a platform enabling rental subscription and e-commerce services to women's apparel brands. The Debtor was headquartered in New York, New York.

5. The Debtor's operations have ceased.

6. Prior to the Petition Date, the Defendants were holders of stock in the Debtor.

7. Pursuant to his duties, the Trustee has undertaken an investigation of avoidable transfers made to parties which may be recoverable by the Debtor's Estate pursuant to sections 548 and 550 of the Bankruptcy Code and applicable state law.

8. The Trustee identified a total of $500,000 in prepetition transfers (the "Transfers") from the Debtor to the Defendants for the repurchase of stock in the Debtor.

9. On March 10, 2026, the Trustee commenced an adversary proceeding against the Defendants, captioned *George L. Miller, solely in his capacity as chapter 7 trustee for the bankruptcy estate of CaaStle Inc., v. Sonal Shah, Sandeep Shah, and John Does 1-10*, Adv. Pro. No 26-50214 (BLS) ("Adversary Proceeding"), asserting claims including avoidance of transfers.

10. The Parties have entered into the Agreement to fully and finally resolve any potential claims the Trustee may have regarding the Transfers. A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

## RELIEF REQUESTED

11. By this Motion, the Trustee seeks an order of this Court (a) approving the Agreement; (b) authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the terms and provisions of the Agreement; and (c) providing that the Bankruptcy Court retain jurisdiction to enforce the Agreement.

## The Agreement

12. The complete terms and conditions of the Agreement are more fully set forth in the Agreement. The Agreement provides generally for the following:[2]

> Payment. Within thirty (30) business days after the execution of the Agreement, the Defendants shall pay the sum of $375,000.00 to the Trustee (the "Settlement Amount"). The Trustee has received the Settlement Amount prior to the filing of the Motion.
>
> Release by the Defendants. Upon the Approval Date, the Defendants shall be deemed to have fully and forever released the Trustee Parties from any and all claims relating to the Transfers and Stock Redemptions, except that certain rights of the Defendants with respect to the filing of a Proof of Interest shall not be released pursuant to the Settlement agreement.
>
> Release by Trustee. Upon the Approval Date, the Trustee, on behalf of himself, the Debtor and the Debtor's bankruptcy estate, shall be deemed to have fully and forever released the Defendants from any and all claims relating to the Transfers and Stock Redemptions. The release of claims relating to the Transfers and Stock Redemptions extends to, inter alia, the

[2] In the event the description of the Agreement set forth herein differs from the terms of the Agreement, the terms of the Agreement shall control.

Defendants' affiliates, subsidiaries, officers, directors, employees, agents, parent companies, attorneys, successors and assigns, but in each of the foregoing instances, only in their capacity as such.

**BASIS FOR RELIEF REQUESTED**

13. This Court has the authority to grant the relief requested in this Motion pursuant to Bankruptcy Code Section 105 and Rule 9019(a) of the Bankruptcy Rules. Bankruptcy Code Section 105(a) provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Rule 9019 of the Bankruptcy Rules grants the Court authority to approve settlements of claims and controversies after notice and a hearing.[3] Under this authority, the Third Circuit has emphasized that, "to minimize litigation and expedite the administration of a bankruptcy estate, '[compromises] are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F. 3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[l] (15th ed. 1993)). In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

14. Before approving a settlement under Rule 9019(a) of the Bankruptcy Rules, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (quoting *Louise's*, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *Martin*, 91 F.3d at 393. In striking this balance, the court should consider the following factors.

i. The probability of success in the litigation;

ii. The complexity, expense and likely duration of the litigation;

[3] Rule 9019(a) of the Bankruptcy Rules provides in pertinent part that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

iii. The possibilities of collecting on any judgment which might be obtained;

iv. All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

v. Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

*Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968). *See also Martin*, 91 F.3d at 393. Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. The *TMT* rule does not require the court to hold a full evidentiary hearing before a compromise can be approved, but rather the court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.2, 9019-4 (15th ed.), quoting *In re Drexel Lambert Group, Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991). *See also, Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983).

15. In the absence of a settlement, the Trustee would be forced to continue the adversary proceeding and litigate over the recovery of the Transfers.

16. If the adversary proceeding continues, the Trustee expects that the Defendants will assert defenses, which may have the effect of reducing their exposure.

17. In order to avoid further litigation and recover a portion of the Transfers, the Trustee believes entering into the Agreement is the best option for the Estate.

18. In making the decision to enter into the Agreement, the Trustee has considered, among other factors: (i) the risks and expenses of litigation; (ii) the benefit of resolving litigation in an expeditious manner; and (iii) the probability of success with respect to the claims.

19. The Trustee believes that the Agreement is in the best interest of the Debtor's Estate and creditors generally because the Agreement will provide a recovery of $375,000.00 to the Debtor's Estate.

20. Further, the Trustee believes that the Agreement is in the best interest of the Estate and creditors generally because, in the absence of the settlement, recovery would be delayed and uncertain. Further, although the Trustee's counsel has been engaged on a contingent basis, the Estate would incur additional litigation expenses, including but not limited to consultant and expert fees and mediation costs absent the instant settlement.

21. The Trustee respectfully submits that all of the foregoing factors reflect that the Agreement is a fair and equitable settlement, which meets or exceeds the required range of reasonableness and should be approved by this Bankruptcy Court as being in the best interest of the Estate and the Debtor's creditors.

## NOTICE

22. The Trustee will provide notice of this Motion to the following parties: (i) the Office of the United States Trustee; (ii) the Debtor's counsel; (iii) counsel for the Defendants; and (iv) all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of this Motion. A separate Motion to Limit Notice was filed [D.I. 157], and on March 20, 2026, the Court entered an order granting that motion [D.I. 158]. Notice will be provided in accordance with the Order limiting notice.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached: (i) approving the Agreement; (ii) authorizing him to take all actions necessary to carry out the terms of the Agreement; (iii) granting related relief; and (iv) granting any further relief as may be appropriate.

Dated: August 19, 2026

**DILWORTH PAXSON LLP**

*/s/ Peter C. Hughes*______________
Peter C. Hughes (No. 4180)
800 N. King Street, Suite 202
Wilmington, DE 19801
Telephone: 302-571-9800
Facsimile: 302-571-8875
Email: phughes@dilworthlaw.com

and

Peter C. Hughes
Jack Small
1650 Market St., Suite 1200
Philadelphia, PA 19103
Telephone: (215) 575-7000
Facsimile: (215) 754-4603
Email: phughes@dilworthlaw.com
Email: jsmall@dilworthlaw.com

*Attorneys for George L. Miller, Chapter 7 Trustee*