**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CaaStle Inc.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-11187 (BLS) |
| GEORGE L. MILLER, solely in his capacity as chapter 7 trustee for the bankruptcy estate of CaaStle Inc.,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE HUNSICKER, JASWINDER PAL SINGH, SCOTT CALLON, GEORGIY GOLDENBERG a/k/a GEORGE GOLDENBERG, JOHN HENNESSY, CHIRAG JAIN, DAYNA CORLITO, LORI HOBERMAN, HOBERMAN LAW GROUP PLLC,<br><br>Defendants. | Adv. Pro. No.: 26-50225 (BLS) |

**SUPPLEMENTAL DECLARATION OF GEORGE L. MILLER, SOLELY IN HIS CAPACITY AS CHAPTER 7 TRUSTEE, IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT BY AND BETWEEN GEORGE L. MILLER, CHAPTER 7 TRUSTEE, AND JOHN HENNESSY, GEORGIY GOLDENBERG, JASWINDER PAL SINGH, SCOTT CALLON, AND DAYNA CORLITO**

I, George L. Miller, do hereby declare as follows:

1. I am the duly appointed chapter 7 trustee of the estate of CaaStle, Inc. (the "Debtor') and the plaintiff in the above-captioned adversary action.

2. On September 17, 2026, I submitted the *Declaration of George L. Miller, Solely in his Capacity as Chapter 7 Trustee, in Support of Chapter 7 Trustee's Motion for Approval of Settlement Agreement by and between George L. Miller, Chapter 7 Trustee, and John Hennessy,*

*Georgiy Goldenberg, Jaswinder Pal Singh, Scott Callon, and Dayna Corlito* (the "Declaration") in support of the *Trustee's Motion for Approval of Settlement Agreement by and between George L. Miller, Chapter 7 Trustee, and John Hennessy, Georgiy Goldenberg, Jaswinder Pal Singh, Scott Callon, and Dayna Corlito* (the "Motion").[1]

3. I incorporate the Declaration by reference as if set fully forth herein.

4. I submit this Supplemental Declaration to provide further support for the Motion.

5. P180, Inc. ("P180") has filed an objection (the "P180 Objection") to the Motion challenging the Settlement based upon an alleged failure of the Settlement to satisfy the factors propounded by the Third Circuit in *In re Martin*, 91 F.3d 389 (3d Cir. 1996): (1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors.

6. As to the first factor, I, through my advisors, have reviewed a significant volume of documents relating to the Adversary Action and the D&O Claims, including documents related to potential defenses of the Management Defendants. I understand that, in order to prevail on certain of the D&O Claims, I would need to prevail under the demanding *Caremark* standard. I have decided, in the exercise of my business judgment, that the Settlement represents a fair value at which to settle the D&O Claims when considering the difficulty in proving such claims in litigation. After reviewing the P180 Objection, I still hold this belief.

7. As to the second factor, collectability against the Management Defendants is a major concern because certain defendants in the D&O Action are also defendants in other actions which, in the aggregate, seek significant amounts of damages. The damages sought in other actions, not including the D&O Action or any action filed by P180, are at least the following

[1] Capitalized terms not defined herein shall have the meanings provided in the Motion and the Declaration.

amounts per defendant:

| **Defendant** | **Amount** |
|---|---|
| Christine Hunsicker | $422,000,000 |
| Scott Callon | $129,000,000 |
| George Goldenberg | $84,000,000 |
| John Hennessy | $127,500,000 |
| Chirag Jain | $81,000,000 |
| Jaswinder Pal Singh | $87,000,000 |

8. Further, the D&O Policy, the proceeds of which are expected to contribute to the Settlement Amount, would be fully consumed by defense costs in the D&O Action and these other existing lawsuits, including the action by P180, leaving fewer or no insurance dollars available for any eventual recovery. Rather than compete against multiple plaintiffs seeking judgment against the same Management Defendants, I decided, in the exercise of my business judgment, that it was in the best interests of the Estate to enter into the Settlement to guarantee a recovery of $3,500,000 for the benefit of all unsecured creditors. After reviewing the P180 Objection, I still hold this belief.

9. As to the third factor, the litigation involved in the D&O Action is complex litigation involving nine defendants, multiple causes of action under Delaware law (including the demanding *Caremark* standard), and allegations spanning a multi-year fraud. Litigation of the D&O Action to its conclusion would require extensive fact and expert discovery, dispositive motions, and a contested litigation over years for a potentially shrinking collectable recovery. Further, there are significant issues in pursuing any action against Callon, who apparently resides in Japan, and Jain, who resides in India because of the complexities of service in accordance with the Hague Convention. Callon's apparent residence in Japan, and Jain's residence in India may cause more delay in an already complex litigation, and is a further factor to be considered with respect to the difficulty of collection against the defendants. Against this backdrop of complexity,

expense, and delay, I decided, in the exercise of my business judgment, that it was in the best interests of the Estate to enter into the Settlement to guarantee a recovery of $3,500,000 for the benefit of all creditors rather than risk years of complex and costly litigation.

10. As to the fourth factor, for all the reasons explained in this Supplemental Declaration, I have concluded that the Settlement is in the paramount interest of creditors. I considered all possible options, including a full litigation of the D&O Action and, after reviewing the P180 Objection, an auction of the D&O Claims. I still believe that the Settlement is in the best interests of the Estate because it would bring a guaranteed recovery of $3,500,000 into the Estate for the benefit of all unsecured creditors rather than waiting years to chase a potentially higher judgment in complicated litigation and, if successful, a difficult collection of said judgment. P180 has not made any definitive offer to purchase the estate's interest in the D & O Claims, and has not posted any funds to support its vaguely stated possible interest in purchasing the D & O Claims.

11. I declare under penalty of perjury that the foregoing is true and correct and make this Declaration pursuant to 28 U.S.C. § 1746, relating to unsworn declarations to authorities.

George L. Miller, solely in his capacity as
Chapter 7 Trustee

Date: 9/29/2026